1  GREGORY G. ISKANDER, Bar No. 200215
   CHAD D. GREESON, Bar No. 251928
2  LITTLER MENDELSON, P.C.
   Treat Towers
3  1255 Treat Boulevard, Suite 600
   Walnut Creek, California 94597
4  Telephone:   925.932.2468
   Facsimile:    925.946.9809
5  giskander@littler.com
   cgreeson@littler.com
6
7  Attorneys for Defendants
   RELIABLE TRUCKING, INC. and THE CONCO
   COMPANIES
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12

13  JOHN COSBY, individually and on behalf     Case No.
    of all others similarly situated,
14
                Plaintiff,                     [Alameda County Superior Court Case No.
15                                             RG20062139]
           v.
16                                             **DEFENDANTS' NOTICE OF REMOVAL
    RELIABLE TRUCKING, INC., a                 OF ACTION PURSUANT TO 28 U.S.C. §§
17  California Corporation; THE CONCO          1331 AND 1441 [Federal Question]**
    COMPANIES, a California Corporation;
18  and DOES 1 through 50, inclusive,

19                Defendants.

20

21      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

22  **NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JOHN COSBY AND HIS**

23  **ATTORNEYS OF RECORD:**

24      **PLEASE TAKE NOTICE** that Defendants RELIABLE TRUCKING, INC. and THE

25  CONCO COMPANIES[1] ("Defendants"), contemporaneously with the filing of this Notice, are

26  effecting the removal of the above-referenced action from the Superior Court of the State of California,

27  County of Alameda, to the United States District Court for the Northern District of California.

28  ───────────────────────
    [1] "The Conco Companies" is solely a "dba" and does not exist as a legal entity.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION                              CASE NO.

The removal is based on 28 U.S.C. §§ 1331 and 1441(a), specifically, on the following grounds:

## I.     PLEADINGS, PROCESS AND ORDERS

1.     On or about May 21, 2020, Plaintiff John Cosby ("Plaintiff") commenced the above-captioned civil action in the Alameda County[2] Superior Court by filing a Complaint entitled *Cosby v. Reliable Trucking, Inc., et al.*, docketed as Case No. RG20062139. On July 21, 2020, the Complaint, Summons, Civil Case Cover Sheet, Notice of Hearing on Complex Determination and Case Management Conference were served on Defendant Reliable Trucking, Inc. True and correct copies of the Complaint and the accompanying documents are attached as **Exhibit A** to the Declaration of Chad D. Greeson in Support of Defendants' Notice of Removal of Action ("Greeson Decl.") and incorporated here by reference. (Greeson Decl., ¶¶ 2-3, Exhibit A.) Also on July 21, 2020, the Complaint, Summons, Civil Case Cover Sheet, Notice of Hearing on Complex Determination and Case Management Conference were purportedly served on Defendant The Conco Companies as a corporation. True and correct copies of the Complaint and the accompanying documents are attached as **Exhibit B** to the Declaration of Chad D. Greeson in Support of Defendants' Notice of Removal of Action and incorporated by reference. (Greeson Decl., ¶ 4, Exhibit B.)

2.     On August 3, 2020, Plaintiff filed two identical Proofs of Service of Complaint on Reliable Trucking, Inc. true and correct copies of the Proofs of Service are attached as **Exhibit C** to the Declaration of Chad D. Greeson in Support of Defendants' Notice of Removal of Action and incorporated here by reference. (Greeson Decl., ¶ 5, Exhibit C.) No proof of service was filed in the Alameda County Superior Court as to the non-existent entity "The Conco Companies" as a corporation. (*Id.*)

3.     To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in or issued by the Superior Court for the State of California, County of Alameda, or served by any other party other than as described above. Exhibits A, B, and C referenced above and incorporated into this Notice satisfy the requirements of 28 U.S.C. § 1446. (Greeson Decl., ¶¶ 1-6.)

---

[2] As noted below, Alameda County is an improper venue; the proper venue is Contra Costa County.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION                    2.          CASE NO.

1

## II.    JURISDICTION

2      4.      This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be

3   removed pursuant to the provisions of 28 U.S.C. § 1441(b), because it is a civil action that presents a

4   federal question.

5      5.      Plaintiff's claim requires interpretation of a collective bargaining agreement ("CBA")

6   and thus is completely preempted by federal law under the Labor Management Relations Act

7   ("LMRA"), 29 U.S.C. § 185. Section 301 of the LMRA provides "[s]uits for violation of contracts

8   between an employer and a labor organization representing employees in an industry affecting

9   commerce . . . may be brought in any district court of the United States having jurisdiction of the

10   parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

11   29 U.S.C. § 185(a); *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). To

12   ensure uniform interpretations of CBAs, federal law preempts the use of state contract law in collective

13   bargaining agreement interpretation and enforcement. *See Lingle v. Norge Div. of Magic Chef Inc.*,

14   486 U.S. 399, 411 (1988).

15      6.      Further, all state law claims raised by a union-represented employee that require

16   interpretation of a CBA must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 571

17   U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely

18   any state cause of action for violation of a collective bargaining agreement . . . and any state claim

19   whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n*,

20   854 F.2d 1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th

21   Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found

22   that Congress intended completely to replace state law with federal law for purposes of federal

23   jurisdiction").

24      7.      Section 301 specifically has been held to preempt California state law claims that are

25   substantially dependent upon interpretation of a CBA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146,

26   1155 (9th Cir. 2019); *Firestone*, 219 F.3d at 1066-67. This is so even where interpretation was required

27   to evaluate the employer's defense to a plaintiff's state law cause of action. *Curtis*, 913 F.3d at 1152

28   ("Although normally federal preemption is a defense that does not authorize removal to federal court,

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION

3.      CASE NO.

§ 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). These principals apply equally to actions seeking civil penalties pursuant to the Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.* ("PAGA"). *Franco v. E-3 Sys.*, No. 19-cv-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) (denying motion to remand, and expressly rejecting Plaintiff's argument that § 301 cannot preempt PAGA claims).

8.  **Plaintiff's Employment Was Governed by a CBA**. In the Complaint, Plaintiff alleges that he worked for Defendants from December 2013 through June 2017. Defendant Reliable Trucking Inc. employed Plaintiff as a commercial truck driver from November 18, 2013 to June 26, 2017, when he was terminated. (Declaration of Jessica Fraser ("Fraser Decl."), ¶ 5). Plaintiff's hourly rate of pay was never less than 30 percent more than the California state minimum wage for employers with more than 26 employees. (*Id.*) Specifically, the minimum hourly wage in California for employers with 26 or more employees was $10.00 in 2016, $10.50 in 2017, $11.00 in 2018, $12.00 in 2019, and $13.00 in 2020. All of Reliable Trucking, Inc.'s drivers were paid at an hourly rate of $15.00 or more in 2016 to 2017, and $20.00 or more from 2018 to 2020. (Fraser Decl., ¶ 5.) Thus, all of Reliable Trucking, Inc.'s drivers were paid 30 percent more than the applicable California state minimum wage for employer with more than 26 employees during the relevant period.

9.  The terms and conditions of Plaintiff's alleged employment with Reliable Trucking, Inc. were governed by a CBA between Reliable Trucking, Inc. and Teamsters, Warehouse, Wholesale Liquor Salespersons, Milk Drivers and Dairy Employees, Construction and Building Materials and Miscellaneous Union, Local 853, International Brotherhood of Teamsters ("Union") (*Id.*, ¶ 4). A true and correct copy of the CBA in effect between April 26, 2015 and April 25, 2017 is attached as **Exhibit A** to the Fraser Declaration and incorporated by reference ("2015 CBA"). A true and correct copy of the CBA in effect between September 1, 2017 and August 31, 2021 is attached as **Exhibit B** to the Fraser Declaration and incorporated by reference ("2017 CBA"). A true and correct copy of the April 2017 CBA Retroactive Extension is attached as **Exhibit C** to the Fraser Declaration and incorporated by reference ("2017 CBA Retro Extension").

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION                    4.          CASE NO.

10.    The Union is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

11.    Based on the allegations in the Complaint, Defendants are employers within the meaning of the LMRA, 29 U.S.C. § 152(2).

12.    Section 1 of the 2015 CBA and the 2017 CBA specifically states that the Union is the sole and exclusive bargaining representative of the employees covered by the CBA. (Fraser Decl., Ex. A, 2015 CBA, Sec. 1; Ex. B, 2017 CBA, Sec. 1). The CBAs cover the employment conditions at issue in Plaintiff's Complaint, including time worked, wages and wage payment, overtime, and meal and rest periods. (Fraser Decl., Ex. A, 2015 CBA, Secs. 2, 3, 6, 7, 8, App. "A"; Ex. C, 2017 CBA, Secs. 2, 3, 6, 7, 8, App. "A".)

13.    **Plaintiff's Failure to Reference the CBA or Section 301 of the LMRA in His Complaint Does Not Preclude Removal**. The Complaint omits the fact that Plaintiff was a member of the Union or that a CBA governed his employment. However, a plaintiff may not be permitted to "artfully plead" a complaint to conceal its true nature. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

14.    Thus, the fact that Plaintiff has not made specific reference to Section 301 in his Complaint does not preclude removal. *See Milne Emp. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

15.    An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL OF ACTION                5.        CASE NO.

1    pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386,

2    393 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a

3    federal cause of action completely preempts a state cause of action, any complaint that comes within

4    the scope of the federal cause of action necessarily 'arises' under federal law.").

5        16.    **<u>Resolving Plaintiff's Claims Requires Interpretation of the CBA</u>**. The Labor Code

6    violations underlying Plaintiff's Class Action Complaint are "founded directly on rights created by

7    collective bargaining agreements" and/or are substantially dependent on an analysis and interpretation

8    of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991);

9    *see also Caterpillar Inc.*, 482 U.S. at 394. To analyze Plaintiff's claim, therefore, the Court will

10    necessarily need to interpret the provisions of the relevant CBAs.

11        17.    The Court cannot simply look to state law to resolve Plaintiff's artfully plead claims

12    for breach of a CBA. Plaintiff's claims cannot be adjudicated without interpretation of the numerous

13    CBA provisions that governed Plaintiff's employment. Plaintiff's Class Action claims allege the

14    following: (1) failure to pay wages as required by Labor Code § 1194; (2) failure to provide meal

15    periods or pay meal period premiums as required by Labor Code §§ 226.7, 512 and IWC Wage Orders;

16    (3) failure to provide rest periods or pay rest period premiums as required by §§ Labor Code 226.7

17    and 512; (4) failure to timely pay wages as required by Labor Code § 203; and (5) violation of Business

18    & Professions Code § 17200. (Greeson Decl., Ex. A, *see generally* Complaint.)

19        18.    The applicable CBAs contain specific language governing time worked, wages and

20    wage payment, overtime, meal and rest periods. (Fraser Decl., Ex. A, 2015 CBA, Secs. 2, 3, 6, 7, 8,

21    App. "A"; Ex. B, 2017 CBA, Secs. 2, 3, 6, 7, 8, App. "A".) The CBA also provides for a grievance

22    process and requires binding arbitration to resolve any disputes arising under the CBA. (Fraser Decl.,

23    Ex. A, 2015 CBA, Sec. 16; Ex. B, 2017 CBA, Sec. 16.) Resolving Plaintiff's claim will require the

24    Court to interpret each of these provisions in the applicable CBAs.

25        19.    As an example, Plaintiff's claim based on Defendants' alleged failure to provide meal

26    periods under Cal. Labor Code §§ 226.7 and 512 is preempted by Section 301 of the LMRA because

27    the CBA satisfies the statutory exemption set forth at Labor Code section 512(e). The CBAs provide

28    for wages, hours of work, and working conditions; final and binding arbitration of disputes concerning

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION

6.    CASE NO.

application of its meal period provisions; and pay of not less than 30 percent more than the state minimum wage. Further, Plaintiff worked as a commercial driver for Defendant Reliable Trucking, Inc., satisfying the requirement of section 512(f)(2) of the California Labor Code. (*See* Fraser Declaration, ¶ 5.) Thus, the CBAs govern the right to meal periods in this instance, and under step one of the *Burnside* test, Plaintiff's claim is preempted under by § 301. *See Marquez v. Toll Global Forwarding (USA) Inc.*, 2018 WL 3218102, *3 (C.D. Cal. Jun. 28, 2018) ("If a claim is grounded only on rights created by the CBA, it is preempted by § 301 and the analysis ends here.") (citing *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

20.     In addition, whether Defendants allegedly failed to provide Plaintiff and the putative class members meal periods requires the Court to analyze and interpret not only the CBAs, but also the past practices between the alleged Defendants and the Union. The parties' past practices are deemed to be part of the CBAs. *Consolidated Rail Corp. v. Ry. Labor Execs. Ass'n*, 491 U.S. 299, 307 (1989) ("[C]ollective bargaining agreements may include implied, as well as express, terms. Furthermore, it is well established that the parties' practice, usage and custom is of significant in interpreting their agreement."). Specifically, the Court must interpret the parties' practices regarding the extent to which they agree that Plaintiff may take meal period breaks in accordance with its terms.

21.     Critically, as all of Plaintiff's claims are, in essence, alleged violations of the CBAs, the Court will necessarily have to interpret its grievance and arbitration provisions. (*See* Fraser Decl., Ex. A, 2015 CBA, Sec. 16; Ex. B. 2017 CBA, Sec. 16.) Specifically, the Court must determine whether Plaintiff was first required to exhaust the grievance procedures, whether he did in fact exhaust those procedures, and whether he agreed to arbitrate all or some of his claims. Each of these questions is reserved for federal courts pursuant to the LMRA; indeed, Section 301 preemption aims to promote extra-judicial dispute resolution pursuant to the parties' agreed form of dispute resolution. *Curtis*, 913 F.3d at 1152 (observing "the labor arbitrator is usually the appropriate adjudicator for CBA disputes" and that "grievance and arbitration procedures provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process.") (internal citation omitted).

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION                    7.          CASE NO.

22.    Here, the applicable grievance and arbitration procedure set forth in the CBAs cover "[a]ny grievance or controversy arising due to the interpretation or application of this Agreement". (*See* Fraser Decl., Ex. A, 2015 CBA, Sec. 16; Ex. B. 2017 CBA, Sec. 16.) Accordingly, an alleged violation of the CBAs are subject to their grievance and arbitration procedures, which serves the underlying purposes of the LMRA. Thus, no part of Plaintiff's claim may be resolved without interpreting provisions of the CBAs.

23.    Plaintiff's claims are substantially dependent upon the interpretation of the CBAs' terms and provisions. In fact, the CBAs' terms and provisions govern all of the conduct that forms the basis for Plaintiff's Complaint and are thus essential to the resolution of Plaintiff's claims. The underlying Labor Code violations arise under § 301 of the LMRA and warrant removal to federal court.

## III.    SUPPLEMENTAL JURISDICTION

24.    To the extent there are certain underlying alleged Labor Code violations that do not arise under Section 301 of the LMRA, the class action claims based on those violations remains within the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) in that they are so related to the federal cause of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Buck v. Cemex, Inc.*, 2013 U.S. Dist. LEXIS 124111, at \*17 (plaintiff's additional claims of failure to provide accurate wage statements, failure to timely pay all final wages and unfair competition came within the supplemental jurisdiction of the Court even if only tangentially involved with the CBA); *see also Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014) (recognizing that plaintiff's additional state law claims under California statutory and common law, including various provisions of the Labor Code and IWC Orders, all "derive from a common nucleus of operative fact" as plaintiff's meal period and overtime claims and "are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."). Thus, this action is removable in its entirety.

## IV.    INTRADISTRICT ASSIGNMENT

25.    Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a). Plaintiff erroneously brought this action in the Superior Court of the State of

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION

8.    CASE NO.

California for the County of Alameda, based on the allegation that one or more the Defendants reside, transact business, or have offices in Alameda County. (*See* Complaint, Greeson Decl., Exs. A and B, ¶ 5.) Plaintiff worked for and was an employee of Reliable Trucking, Inc., which maintained its corporate headquarters in Concord, County of Contra Costa, California. (Fraser Decl., ¶ 6.)

26.     Thus, notwithstanding the fact that Plaintiff filed the underlying complaint in the wrong venue, all civil actions that arise in the Counties of Alameda or Contra Costa shall be assigned to the San Francisco Division or the Oakland Division. Northern District Local Rule 3-2(c)(d), 3-5(b). As a result, assignment to the San Francisco or Oakland Division is proper.

**V.     TIMELINESS OF REMOVAL**

27.     Defendants were served with the Summons and Complaint on July 21, 2021. (*See* Greeson Decl., Exs. A and B.) This Notice of Removal has been filed within thirty (30) days of service on Defendants of the Summons and Complaint and within one year of the filing of the Complaint. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by the simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.") Therefore, the Notice is timely filed.

28.     Pursuant to Federal Rules of Civil Procedure, Rule 6(a)(1)(C), when the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday, therefore the period is extended to Monday, October 23, 2017. *See* Fed. R. Civ. P. 6(a)(1)(A)(5) (requiring deadlines "count every day, including intermediate Saturdays, Sundays, and legal holidays . . . but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Further, pursuant to "next day" is "determined by continuing to count forward when the period is measured after an event and backward when measured before an event." *See Id.* Thus, this Notice of Removal is timely-filed. *See Fleming v. United Teacher Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 660-661 (D.W. Va. 2003) (removal filed on 31 days timely when final day was a holiday); *Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D. Tenn. 1975) (same); *see also Agavni Pogosyan v. U.S.*

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION                           9.        CASE NO.

1  *Bank Trust Nat'l Assoc'n, et al.*, Case No.: CV 15-07085-AB, 2015 WL 12696188, at *2 (C.D. Cal.

2  Oct. 22, 2015) (same); *Williams v. Leonard*, No. C02–05084 CRB, 2003 WL 163183, at *1 (N.D. Cal.

3  Jan. 13, 2003) (same).

4  **VI.    NOTICE TO PLAINTIFF AND THE STATE COURT**

5          29.    Contemporaneously with the filing of this Notice in this Court, written notice of such

6  filing will be provided to Plaintiff's counsel of record James R. Hawkins, Gregory Mauro and Michael

7  Calvo of James Hawkins APLC, 9880 Research Drive, Suite 800, Irvine, California 92618.

8          30.    A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court

9  of the County of Alameda.

10 **VII.   CONCLUSIONS**

11         31.    For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§

12 1331 and 1441(a) and removal is therefore proper under 28 U.S.C. §§ 1441 and 1446.

13 Dated: August 20, 2020

14

15                                          */s/ Chad D. Greeson*
                                            GREGORY G. ISKANDER
                                            CHAD D. GREESON
16                                          LITTLER MENDELSON, P.C.
                                            Attorneys for Defendants
17                                          RELIABLE TRUCKING, INC. AND THE
                                            CONCO COMPANIES

18

19 4837-8525-8440.1 104421.1002

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF
REMOVAL OF ACTION                    10.    CASE NO.